UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | | |
|---|---|---|
| In re<br>**Matthew George Malarkey**<br>**Sadie Lynn Malarkey** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. _____<br><br>[ONLY FOR CHAPTER 13 CASES]<br>DEBTOR'S ATTORNEY'S DISCLOSURE<br>OF COMPENSATION AND ANY<br>EMPLOYMENT AGREEMENT, AND<br>APPLICATION FOR COMPENSATION, |
| Debtor(s) | ) | UNDER 11 USC §329 AND FRBP 2016(b) |

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☑ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

☐ **SCHEDULE 1:** The total fee request is $__ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $__ ($4,750 maximum) and expenses of $__ for a total of __.

   ☐ Debtor ☐ (specify) __ has paid $__, leaving $__ to be paid through the plan.

☑ **SCHEDULE 2:** Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
   ☑ (a) a flat fee (i.e., requiring no itemization) of $ **3,450** ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:




   ☐ (b) an estimated total fee of $___ and expenses of $___. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered, attached to LBF 1306, must be filed with the court not less than one week prior to the final confirmation hearing.
   ☑ Debtor ☐ (specify) ___ has paid $ **690**, leaving $ **2,760** to be paid through the plan.

Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

☐ **SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to the fee arrangements as follows:

☐ Debtor ☐ (specify) __ has paid $__, leaving $__ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected;(b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details): __.

I further certify that on ___February 13, 2020___ a copy of this document was served on the debtor(s) and trustee.

DATED: ___February 13, 2020___

/s/ Ryan P. Hackett
**Ryan P. Hackett OSB #04301**
Debtor's Attorney

## Chapter 13 Attorney/Client Fee Agreement – Flat Fee Through Confirmation of Debtor(s) Plan

Attorneys: <u>Hackett Law Firm, LLC</u>     Client(s): __Matthew and Sadie Malarkey__

Client(s) hereby retains Attorney to represent Client as legal counsel in connection with the following matter: Chapter13 Bankruptcy in the US Bankruptcy Court for the District of Oregon.

1. The Court filing fee of **$310 and $**_610_____ of the attorney fees must be paid **prior** to filing the case. Therefore, a total of $_1,000_____must be paid prior to filing this Case (or within 45 days of filling the case if paying directly to the Court). All attorney fees paid are deemed <u>*earned upon receipt and funds will not be deposited into the attorney's trust account.*</u> Client may discharge attorney at any time, and in that event, the attorney may be required to refund all or part of the fee if the services for which the fee was paid have not been completed. Fees not paid before filing will be paid through the Chapter 13 Plan. Fees do not include any costs/fees related to the required Credit Counseling and Financial Management Classes.

2. Payment of fees/hourly rates:
**Pre-Confirmation Fees (flat fee)**
   For preparation of initial documents through confirmation of the Chapter 13 Plan and initial audit of claims, Client agrees to pay attorney a flat fee of **$3,450.**

**Post Confirmation Fees (hourly)**
   For services rendered subsequent to confirmation (other than initial audit of claims), Client agrees to pay Attorney a fee, which will be computed on an hourly basis. The hourly rates currently in effect are listed below. *Hourly rates are subject to change during the life of Client's case*:
   $380/hour – Ryan P Hackett
   $380/hour – Rosemary E Zook
   $200/hour – Senior Paralegal(s)
   $130/hour – Junior Paralegal(s)
   $90/hour – All other Assistants and Staff Members

   Confirmation occurs when a Client's plan is approved by the Court and becomes binding on all creditors. Client understands that if work is performed on the case after confirmation additional attorney fees will be incurred. If attorney seeks fees after confirmation the Client will receive a copy of the request and an itemized billing statement for all work performed. If additional fees are incurred, Client's payment may need to increase to cover those fees, or the plan may run longer than originally scheduled to cover those fees.

3. After Plan Confirmation, Attorney will charge client for the following services: consultations and telephone calls with Client; consultations and telephone calls with witnesses, other attorneys, court personnel, bankruptcy trustees and their staff, or any other person associated with Client's case; legal research; drafting and preparing legal documents; drafting and preparing letters; reading and responding to emails; audits; depositions; travel time (travel time is charged at the rate of one-half (1/2) the above hourly rate); investigation; court appearances including meeting of creditors and confirmation

hearings; and all other necessary services. Client will be charged by fractions of an hour to the nearest one-tenth.

4. Client agrees to pay all costs incurred by Attorney, including but not limited to filing fees, service fees, court reporter fees for depositions and hearings, court fees, photocopying fees, long-distance telephone calls, postage, witness fees, and other necessary court and office costs related to their case.

5. Attorney will not be obligated to complete the work for Client or on Client's case and may withdraw or, if necessary, seek leave to withdraw as Client's counsel at any time if Client fails to meet the financial agreements set forth in these documents. Attorney also may withdraw, or seek leave to withdraw as Client's counsel if Client fails to cooperate with Attorney on Client's case, or as otherwise permitted by the Oregon State Bar Rules of Professional Conduct. If a motion for leave to withdraw is necessary, written notice of the motion will be sent to Client's last known mailing address.

6. Client may terminate Attorney for any cause on telephone notice followed by written notice either from the Client or a new attorney hired by Client. Client may secure additional copies of Client's file at any time on payment to Attorney of any balance owing on all fees and costs, including the costs of photocopying Client's file.

7. Client agrees to cooperate with Attorney to complete all work. This duty includes Client cooperating with all requests made by Attorney for documents and information necessary to enable Attorney to represent Client's best interest. If Client unreasonably fails to cooperate, or knowingly provides Attorney with false or fraudulent information, or testifies falsely in any matter before the Court, Client agrees that Attorney has the right to immediately resign from the case.

8. Attorney agrees to provide conscientious, competent, and diligent services, and will seek to achieve a resolution of the matter that is just and reasonable for the Client. However, Attorney cannot and does not guarantee a result of final outcome of any case and Attorney has made no representation and makes no guarantee regarding the final outcome of this case.

9. Representation of Client by Attorney shall terminate at the earlier of: 1) A Court Order granting Attorney's withdrawal from the case; 2) termination of Attorney by the client; or 2) when Client's Chapter 13 case is dismissed or otherwise closed by a court order.

10. Client agrees that any refund of fees received by the Trustee's office will be returned to Attorney and Attorney has authority to endorse the check in clients name and deduct all fees and costs owed to Attorney before returning balance to Client.

11. It is expressly understood that Client retains Attorney for the above-described presentation only. Specifically, Attorney **does not undertake to give client tax advice. Client agrees to consult its own accountant or competent tax counsel with respect to all tax issues.**

12. Client hereby agrees to the above, and acknowledges receiving a copy of this agreement.

DATED: 2/10/20

Client 1: _[signature]_   Client 2: _Sadie Malachey_

Attorney: _[signature]_

Chapter 13 Fee Agreement, V. Jan 2020